IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PHILIP CANNATA | § | |
| | § | |
| V. | § | A-10-CA-375 LY |
| | § | |
| CATHOLIC DIOCESE OF AUSTIN | § | |
| ST. JOHN NEUMANN CATHOLIC | § | |
| CHURCH | § | |

## ORDER

Before the Court is Plaintiff's Motion to Compel Better Answers to Plaintiff Cannata's Interrogatories (Clerk's Doc. No. 13) filed December 30, 2010, Defendants' Response to Plaintiff's Motion to Compel Better Answers to Plaintiff Cannata's Interrogatories (Clerk's Doc. No. 15) filed January 10, 2011, and Plaintiff's Reply, filed January 18, 2011 (Clerk's Doc. No. 16).

Plaintiff Philip Cannata, who is proceeding pro se, brings this action pursuant to the ADEA and ADA. In the present motion, he requests that the Court compel Defendants to respond more fully to certain interrogatories served on Defendants. Defendants respond that Cannata is moving to compel details that were not required by the original interrogatories themselves. Defendants further assert that the follow up questions Cannata seeks to have answered are more appropriately obtained through depositions, not minutely detailed interrogatories.

In responding to interrogatories, parties must "furnish such information responsive to the interrogatories as is available through reasonable efforts." *Schartz v. Unified School Dist. No. 512*, 1996 WL 741384, *3 (D. Kan. Dec. 22, 1996) (citation omitted). At the same time, the rules of civil procedure also direct that "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less

expensive." FED. R. CIV. P. 26(b)(2)(C). While the issue is not one that arises often, several courts have addressed cases in which a party insists on using one form of discovery to obtain information when another form may be more effective. The issue most commonly arises in patent litigation when a party is seeking to learn the basis for its opponent's contentions. In such cases, many courts have ordered that interrogatories not depositions be used to gather this information. In making that decision, courts look at "which device would yield most reliably and in the most cost effective, least burdensome manner information that is sufficiently complete to meet the needs of the parties and the court in a case like this." *McCormick-Morgan, Inc. v. Teledyne Industries, Inc.*, 134 F.R.D. 275, 286 (N.D. Cal. 1991), *reversed on other grounds by McCormick-Morgan, Inc. v. Teledyne Industries, Inc.*, 765 F. Supp 611 (N.D. Cal. 1991). *See also United States v. Taylor*, 166 F.R.D. 356, 363 n.7 (M.D.N.C. 1996) ("Whether a Rule 30(b)(6) deposition or a Rule 33(c) contention interrogatory is more appropriate will be a case by case factual determination."); *Exxon Research & Engineering Co. v. United States*, 44 Fed. Cl. 597, 601-602 (Fed. Cl. 1999) (same).

  In this case, the situation appears to be the opposite. In the interrogatories at issue Cannata is seeking to know what the factual basis was for certain statements contained in the Defendant's response to Cannata's EEOC Charge. He asked that Defendants "describe in detail" the bases of the various assertions, and complains that Defendant's narrative responses are lacking in the sort of detail he believes Defendants should have provided. On December 14, 2010, Cannata sent a letter to Defendants requesting additional, more specific follow up information to each interrogatory now in dispute, and listed the various additional information he thinks should have been provided. Cannata is seeking to have his interrogatories do far more than the rules of procedure contemplate. For example, providing the level of detail he seeks would result in his interrogatories containing far

more than the 25 questions that the local rules permit. Moreover, interrogatories are not intended to take the place of depositions, where follow up questions are easily asked, and details of the facts of a case are better discovered. Thus, applying the principles set out above, the Court concludes that the most cost effective, least burdensome means to obtain the information Cannata is after here, given the needs of the parties and the court in a case like this, is one or more depositions, not overly-detailed interrogatories.

Cannata also complains that the Verification of Interrogatory Answers signed by Father Bud Roland is inappropriate, as he has no personal knowledge of the information provided in Defendants' Answers to Plaintiff's Interrogatories. Defendants' response demonstrates that Father Bud Roland is an officer or agent of St. John Neumann's Catholic Church, and as such is an appropriate person to verify discovery pursuant to Fed.R.Civ.P. 33(b)(1)(B).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Better Answers to Plaintiff Cannata's Interrogatories (Clerk's Doc. No. 13) is, in all things, DENIED.

SIGNED this 21st day of January, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE