# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| PHILIP CANNATA | § | |
| | § | |
| V. | § | A-10-CA-375 LY |
| | § | |
| CATHOLIC DIOCESE OF AUSTIN/ | § | |
| ST. JOHN NEUMANN CATHOLIC | § | |
| CHURCH | § | |

## ORDER

Before the Court is Defendants' Motion to Compel Production of Documents (Clerk's Doc. No. 53) and Plaintiff's Response to Defendants' Motion to Compel Production of Documents (Clerk's Doc. No. 61)

Defendants St. John Neumann Catholic Church ("St. John Neumann") and the Catholic Diocese of Austin ("the Diocese") assert that Plaintiff Phillip Cannata has refused to produce documents responsive to their September 17, 2010, Requests for Production. The Requests for Production in issue are as follows:

> Request for Production No. 19: Please produce all correspondence between you and members of the SJNMUSIC Yahoo! Email group between January 2007 and present.
>
> Request for Production No. 20: Please produce all correspondence between the members of the sjnmusic@yahoogroups.com email group between August 2007 to present.
>
> Request for Production No. 33: Please produce all correspondence between you and members or former members of the St. John Neumann choir from August 1, 2007, to present that discusses your termination as the St. John Neumann Music Director.
>
> Request for Production No. 34: Please produce all correspondence between you and members or former members of the St. John Neumann choir from January 1, 2007 through August 8, 2007.

Plaintiff was terminated from his position as Music Director at St. John Neumann's on August 7, 2007. Plaintiff alleges he was terminated in violation of the Age Discrimination in Employment Act and the Americans with Disabilities Act. Defendants assert that Plaintiff was terminated, at least in part, due to insubordination. The alleged insubordination was Plaintiff's involvement of non-employee staff members in an attempt to influence the St. John Neumann budgeting process. Defendants allege that the information requested in the Requests for Production is an attempt to seek discoverable documents that show that Plaintiff contacted non-employee members about the budgeting process, when specifically directed not to do so.

Additionally, Defendants assert that the ministerial exception bars Plaintiff's ability to file suit as he was functioning as a minister while working in the capacity of Music Director of St. John Neumann's Catholic Church. Defendants argue that Plaintiff's correspondence with members and former members of the St. John Neumann Choir and persons interested in St. John Neumann Music will be dispositive as to this issue.

Plaintiff responds that the requested documents are not relevant and will show neither insubordination on his part nor that he served in a ministerial function. Plaintiff argues that the e-mail groups referenced in Request for Production No. 19 and 20 are the same group, and that the group was not started until two months after his termination. The Court agrees. Any information exchanged after Plaintiff's termination could not be not relevant to establish either that he was acting as a minister, or that he was insubordinate. Therefore, the Court DENIES the motion to compel as to Request for Production Nos. 19 and 20.

With regard to Request for Production No. 33, the Magistrate finds that this Request is temporally overbroad. Plaintiff was terminated on August 7, 2007, and Defendants have failed to

2

show that correspondence after that date is relevant. Despite Defendants' argument that the documents will show Plaintiff's disruptive ways after termination, an employee's behavior after his termination is not relevant in a discrimination suit. Thus the Court DENIES the motion to compel as to Request for Production No. 33.

Finally, Request for Production No. 34 asks Plaintiff to produce all correspondence between Plaintiff and members or former members of the St. John Neumann choir from January 1, 2007, through August 8, 2007. Defendants assert that this information is relevant to their assertion that Plaintiff was terminated because he was insubordinate and their defense that Plaintiff was acting in a ministerial capacity. This request is reasonably calculated to lead to the discovery of admissible evidence, so long as it is limited to correspondence relating to St. John Neumann's budget process or to Plaintiff's duties as Music Director. Accordingly, the Court GRANTS the motion to compel IN PART and ORDERS Plaintiff to produce all correspondence between Plaintiff and members or former members of the St. John Neumann choir from January 1, 2007 through August 8, 2007, that discusses in any way St. John Neumann's budget process or Plaintiff's duties as Music Director.

ACCORDINGLY, Defendants' Motion to Compel Production of Documents (Clerk's Doc. No. 53) is GRANTED IN PART AND DENIED IN PART as set forth above. Plaintiff shall produce the responsive documents no later than June 24, 2011.

SIGNED this 14th day of June, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE