# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| PHILIP CANNATA | § | |
| | § | |
| V. | § | A-10-CA-375 LY |
| | § | |
| CATHOLIC DIOCESE OF AUSTIN/ | § | |
| ST. JOHN NEUMANN CATHOLIC | § | |
| CHURCH | § | |

## ORDER

Before the Court is Plaintiff's Motion to Clarify if Expert Witness Testimony Is Appropriate for Purposes of Arguing for Dispositive Motions (Clerk's Doc. No. 44); Response and Objection to Plaintiff's Motion to Clarify if Expert Testimony Is Appropriate for Purposes of Arguing for Dispositive Motions (Clerk's Doc. No. 51); and Plaintiff's Reply to Defendants' Response to Plaintiff's Motion to Clarify if Expert Testimony Is Appropriate for Purposes of Arguing for Dispositive Motions (Clerk's Doc. No. 52).

Plaintiff requests the Court to clarify whether expert witness testimony is appropriate evidence to offer in support of a dispositive motion. Plaintiff asserts that Defendants St. John Neumann Catholic Church ("St. John Neumann") and the Catholic Diocese of Austin ("the Diocese") have submitted the expert reports of two purported experts in canon law. Plaintiff argues that this testimony is not relevant to his employment. Plaintiff also inquires whether he should also submit rebuttal expert testimony in the form of expert reports.

Defendants respond that they have asserted in prior pleadings that jurisdiction does not exist in this case because Plaintiff's claims are barred by the ministerial exception to jurisdiction. This exception denies federal courts jurisdiction over cases involving church ministers based upon the First Amendment. Defendants argue that their designation of experts is pertinent to this issue as

these experts will testify that Plaintiff qualifies as a lay ecclesiastical minister.  Defendants assert that Plaintiff's request for clarification is improper as Plaintiff is requesting an advisory opinion, and in any event Plaintiff has already missed the deadline to designate rebuttal experts.  Plaintiff responds that he believes that Rule 702 allows experts only to assist the "trier of fact"( which he reads as a jury), and are not permitted in the context of a dispositive motion.  He argues Defendants should file amicus curiae briefs and not expert reports in order to support a motion, and asserts he is only requesting a ruling on the form of the evidence.

Plaintiff's request for clarification is not proper.  There is no motion for summary judgment currently pending.  The issue of whether a particular expert's testimony is relevant is already raised by Plaintiff's motions to exclude the testimony of those experts, and the current notion is redundant of those motions.  Additionally, to the extent Plaintiff requests the Court to clarify what filings are appropriate and how they should be denominated, the Court refers Plaintiff to the Scheduling Order in place in this case which covers these issues.

Accordingly, Plaintiff's Motion to Clarify if Expert Witness Testimony is Appropriate for Purposes of Arguing for Dispositive Motions (Clerk's Doc. No. 44) is DENIED.

SIGNED this 14th day of June, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE